# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN



**William J. Somers,**
Plaintiff,

v.

**U.S. Department of Labor, et al.,**
Defendants.

Case No. _____

## 2 6 -C- 6 5 3

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

## I. NATURE OF THE ACTION

1. This action seeks **narrow equitable relief** to preserve the integrity of an ongoing federal administrative proceeding and to prevent irreparable harm prior to the availability of meaningful judicial review.

2. Plaintiff does not seek adjudication of the merits of his OSHA whistleblower complaint and does not seek to compel agency enforcement.

3. Plaintiff seeks only to:

   - preserve the administrative record,

   - prevent non-routine dissemination of information, and

   - maintain the status quo pending completion of the administrative process and

1

review.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under **28 U.S.C. § 1331**.

5. Sovereign immunity is waived under **5 U.S.C. § 702** for actions seeking relief other than money damages.

6. This action arises from threatened agency action that is **imminent** and will cause irreparable harm before meaningful judicial review is available.

7. Venue is proper in this District under **28 U.S.C. § 1391(e)**.

## III. PARTIES

8. Plaintiff William J. Somers is a resident of Wisconsin.

9. Defendant U.S. Department of Labor is a federal agency.

10. Defendant Occupational Safety and Health Administration is a component of the Department of Labor.

11. Defendant Lori Chavez-DeRemer is sued in her official capacity as Secretary of Labor.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff filed an OSHA whistleblower complaint in November 2024 (Case No. 301045591).

13. The complaint alleges termination following protected safety-related activity.

14. The investigation was reassigned to OSHA Investigator Amy Bailey.

2

15. On February 12, 2026, Plaintiff received a communication from Investigator Bailey stating:

- the investigation had been completed;

- the central issue was employer knowledge of protected activity;

- evidence was considered insufficient; and

- dismissal was likely.

16. Plaintiff immediately submitted a written objection raising a procedural conflict concern and requesting recusal, reassignment, and a pause in determination.

17. The administrative process is at its final stage, and a determination is imminent.

18. Plaintiff does not have access to the full administrative record.

19. Issuance of a determination will:

- fix the administrative record;

- affect Plaintiff's rights; and

- occur before Plaintiff's objection is reviewed.

20. The administrative process also presents a risk of disclosure of information affecting Plaintiff's employment, reputation, and legal interests.

## V. CLAIM FOR RELIEF

(Equitable Relief Under Federal Law)

21. Plaintiff incorporates the foregoing paragraphs.

22. This Court has authority to grant equitable relief under **Rule 65 and 5 U.S.C. § 702.**

3

23. Defendants' imminent actions threaten to:

a. finalize the administrative record before Plaintiff can obtain review;

b. impair Plaintiff's ability to seek meaningful judicial relief; and

c. cause irreparable harm through potential dissemination of information and procedural unfairness.

24. Plaintiff has no adequate remedy at law.

25. Absent relief, Plaintiff will suffer **irreparable harm**.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Grant temporary and preliminary injunctive relief;

2. Order preservation of all records relating to OSHA Case No. 301045591;

3. Prohibit non-routine disclosure of information concerning Plaintiff;

4. Maintain the status quo pending further proceedings; and

5. Grant such other relief as the Court deems just and proper.

**Respectfully submitted,**

William J. Somers
704 S Indiana Ave #8
West Bend WI 53095
262.323.3984

4